PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. ZORDICH, *et al.*, ) | |
| ) | CASE NO. 4:15CV1134 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHRISTIANA BANK AND ) | |
| TRUST, *etc.*, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

*Pro se* Plaintiffs Michael E. Zordich and Cynthia L. Zordich filed this action against New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing; Wilmington Savings Fund Society, FSB, d/b/a/ Christiana Trust ("Christiana"), not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-11(together, "Shellpoint"); and, Does 1 through 10. In the Complaint (ECF No. 1), Plaintiffs allege the sale of their mortgage by the original lender to a securitized trust, with Christiana as the Trustee, was defective, entitling them to possession of the property free and clear of the mortgage debt. They assert claims for breach of contract and quiet title. Plaintiffs ask the Court to compel Defendants to release them from the mortgage and enjoin Defendants from attempting to collect mortgage payments. They also request monetary damages in the amount of the mortgage loan.

**I. Background**

Plaintiffs allege they obtained a loan from The Home Savings and Loan Company of Youngstown, Ohio in 2003 for a residential property located at 4000 Fox Haven Drive, Canfield,

(4:15CV1134)

Ohio.  Plaintiffs executed a note and mortgage, which was properly recorded.  They obtained a second loan on the property from Home Savings in 2007; and executed a second note and mortgage, which was also properly recorded.  The total amount owed on the mortgages was $448,500.00.

Plaintiffs claim that their mortgages were sold by Home Savings in 2012, bundled with other mortgages, and placed in the Stanwich Mortgage Trust Loan Series 2012-11, a securitzed trust, with Christiana acting as Trustee.  Investors purchase shares in the trust and are paid dividends from it.  The assignment, titled "ASSIGNMENT OF MORTGAGE AND OTHER LOAN DOCUMENTS" (ECF No. 1-2 at PageID #: 32) states that Home Savings transferred "all of Assignor's right, title and interest in and to that certain loan dated April 8, 2003, in the stated original principal amount of $448,500.00, executed by **Michael E. Zordich and Cynthia L. Zordich**" to the "**Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust, Series 2012-11**," "having an address of:  **c/o Carrington Mortgage Services, LLC, as servicing agent**. . ."  (ECF No. 1-2 at PageID #: 32) (emphasis in original).  The servicing of the loan was later assigned to Shellpoint, which along with Christiana, is a division of Penn Financial.

Plaintiffs received a notice of default from Shellpoint in February 2015 indicating the mortgage was in default and Shellpoint would bring a foreclosure action if mortgage payments were not made current.  Plaintiffs allege Shellpoint cannot file the foreclosure action because the assignment to them from Christiana was defective.  They contend the transfer was defective

(4:15CV1134)

because the prior assignment of the mortgage from Home Savings to Christiana was defective, and Christiana could not pass on an interest it did not rightfully obtain.

Plaintiffs have several theories why the assignment of the mortgage from Home Savings to Christiana was defective and constituted a breach of contract. First, they claim the assignment was not recorded which makes it invalid, and invalidates the mortgage. Second, they claim the assignment, in which Home Savings purported to transfer all of its interest in the mortgage and other loan documents to the Stanwich Mortgage Loan Trust, did not actually transfer all of its interest, but instead transferred only the mortgage to the Trust and transferred the note to Carrington Mortgage Services. Plaintiffs claim the splitting of the note and mortgage violated their contract with Home Savings, and voided both the note and the mortgage. Third, they claim the transfer of the mortgage to a securitized trust forever deprived the mortgage of its features as security for their property. They state that a trust cannot hold property and retain tax exempt status; and because their mortgage was part of a securitized trust, it could never be used as security for the note. Fourth, they claim the transfer of their mortgage into the securitized trust did not comply with "New York Statutes" and the Pooling and Servicing Agreement ("PSA"). ECF No. 1 at PageID #: 7, ¶ 53. They contend Defendants did not properly document the multiple step process to transfer their mortgage, breaking the chain of title and making the mortgage and note legally unenforceable.

Finally, Plaintiffs ask the Court to quiet title in their favor. They assert that because the mortgage and note are void, they do not have any mortgage obligation to repay and should be given title to the property free and clear of all encumbrances. In the alternative, they claim

(4:15CV1134)

because neither of the defendants technically owns the mortgage and note, both the mortgage and note could still belong to Home Savings. They rationalize that Home Savings was already paid by Defendants for the amount owed on the loan and, therefore, the mortgage has been satisfied for their purposes. Plaintiffs reason Home Savings abandoned their claim to the property, relieving them of the obligation to continue to pay the mortgage. They contend they are entitled to title to the property, free and clear of the mortgage.

## II. Standard of Review

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

## III. Analysis

The Complaint (ECF No. 1), as written, is completely devoid of merit. Plaintiffs believe they have found a loophole to relieve them of their obligation to pay their mortgage while still avoiding foreclosure. To get to this point, Plaintiffs make unwarranted factual assumptions and rely on unsupportable legal assertions.

First, Plaintiffs contend the assignment from Home Savings to the Stanwich Trust was not immediately recorded, making the assignment and the underlying mortgage invalid. To the contrary, under Ohio law, the validity of the mortgage itself remains unaffected by the timing of

4

(4:15CV1134)

the recording of the assignment. *Wead v. Lutz*, 161 Ohio App.3d 580, 584 (2005). In Ohio, the recording statute, Ohio Rev. Code § 5301.25, is intended to govern priorities between lenders, not the validity of the liens. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 942-43 (N.D. Ohio 2009) (Dowd, J.); *In re Foreclosure Cases*, No. 1:07CV2282, 2007 WL 3232430, at *2 (N.D. Ohio Oct. 31, 2007) (Boyko, J.). The statute does not invalidate an assignment that has not been recorded, nor does it release the original mortgagors from their obligation to pay the mortgage. *Whittiker*, 605 F. Supp. 2d at 942; *Wead*, 161 Ohio App.3d at 584.

Second, Plaintiffs claim the assignment in which Home Savings purported to transfer all of their interest in the mortgage and other loan documents to the Stanwich Mortgage Loan Trust, did not actually transfer all of their interests, but instead split the note and mortgage causing the mortgage to be transferred to the Trust, while the note was transferred to Carrington Mortgage Services. They offer no facts to support their conclusion that Home Savings split the note and the mortgage. Instead, they just attach a copy of the assignment. The assignment directly contradicts Plaintiffs' assertion.

Furthermore, under Ohio law, the mortgage follows the note. Whoever holds the note, holds the mortgage. *Bank of Am. v. Jones*, No. 2014-G-3197, 2014 WL 5802689, at *4-5 (Ohio App. 11th Dist. Nov. 10, 2014). Securitizing the mortgage does not sever it from the note. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014). While on rare occasions, a mortgagee may disassociate the note from the mortgage, "courts should reach this result only upon evidence that the parties to the transfer agreed" to the separation. *Nationstar Mtge., L.L.C.*

5

(4:15CV1134)

*v. Grund*, No. 2014-A-0024, 2014 WL 7275878, at *5 (Ohio App. 11th Dist. Dec. 22, 2014). The assignment of a mortgage, even without an express transfer of the note, is sufficient to transfer both the mortgage and the note, unless the record indicates that the parties intended to transfer only one of these interests. *Id.*; *Chenault v. Deutsche Bank Natl. Trust Co.*, No. 14AP-669, 2015 WL 2245121, at *3 (Ohio App. 10th Dist. May 14, 2015). In the case at bar, the assignment itself supports the intention of Home Savings to transfer all of its interest in the loan to the Stanwich Trust. There is no indication that mortgage and the note were separated.

Moreover, even if the mortgage and the note were separated, Plaintiffs' assumption that this action voided both the note and the mortgage absolving them of any repayment obligation is not supported by law. In fact, that theory has been rejected by every federal and Ohio state court to have considered it. *See, e.g.*, *Dauenhauer v. Bank of New York Mellon*, 562 F. App'x 473, 479-80 (6th Cir. 2014) (argument that the deed of trust is defective because it was split or severed from the note is without merit); *Leone v. Citigroup, Inc.*, No. 12-10597, 2012 WL 1564698, at *5 (E.D. Mich. May 2, 2012) (the fact that the note for the loan and the mortgage may have been held by different entities does not make them invalid); *Keyes v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 440191, at *11 (E.D.Mich. Feb.5, 2013) ("[a]ttempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country"); *CitiMortgage, Inc. v. Jackson*, No. 101187, 2014 WL 4656813, at *3 (Ohio App. 8th Dist. Sept. 18, 2014) (invalid transfer of mortgage did not void the mortgage).

(4:15CV1134)

Plaintiffs' claim that placing their mortgage into a securitized trust forever removed the mortgage's security for the note is contrary to federal law.  Federal law provides for the creation of mortgage-related securities.  *See* 15 U.S.C. §§ 77a–77aa.  The pooling of mortgages into investment trusts is not illegal and it does not taint the underlying debt.  *Thompson*, 773 F.3d at 749.  Securitization of a mortgage does not alter the borrowers' obligation to repay the loan.  *Dauenhauer*, 562 F. App'x at 480; *Thompson*, 773 F.3d at 749.

Furthermore, Plaintiffs' claims pertaining to the broken "chain of title" are without merit.  They claim PSA's generally require four steps to transfer a mortgage into the trust to avoid issues in bankruptcy, and each step requires proof of actual physical possession of the note or the chain is broken.  They contend there is no proof of at least two of these steps and they therefore conclude this somehow voided their mortgage.  This assertion is without merit in at least three ways.

First, Plaintiffs do not appear to be referring specifically to the PSA that governs the mortgage trust into which their mortgage was transferred, but rather refer in general terms to a PSA.  A PSA is an agreement specific to each mortgage trust.  Clauses present in one contract may not be present in another.  Plaintiffs' reference to violations of New York statutes and tax exempt status, and their failure to refer to any particular part of their PSA, suggest they are not referencing the actual PSA in question but are speculating about what might be in it based on information from other cases.

Second, their "chain of title" claims also appear to be based on speculation that because some PSAs may require multiple transfers of the mortgage before it can be transferred to the

7

(4:15CV1134)

trustee, the PSA governing the trust into which their mortgage was transferred must also require multiple transfers. Moreover, because there is no record that these transfers happened, there must have been assignments of the mortgage which took place but which were not recorded. Claims based solely on speculation are not sufficient to meet the basic pleading requirements of the Federal Rules of Civil Procedure.

Third, even if the transfer did not conform to the terms of the PSA governing the trust in question, it would not void the mortgage or alter Plaintiff's obligation to pay the mortgage. *See Dauenhauer*, 562 F. App'x at 480; *Thompson*, 773 F.3d at 749; *In re Moehring*, 485 B.R. 571, 578 (Bankr. S.D. Ohio 2013) (violation of pooling and servicer agreement with respect to transfer of mortgage loan documents does not impair a holder's ability to enforce a promissory note). At best, it would limit the bankruptcy protection the multiple step transfer allegedly provides for the trust. It would not necessarily invalidate the transfer, and definitely would not invalidate the underlying mortgage obligation. Plaintiffs are still required to repay the money they borrowed.

Furthermore, Plaintiffs lack standing to raise concerns about whether the Trustee is properly transferring assets into the trust. *Dauenhauer*, 562 F. App'x at 480; *Livonia Prop. Holdings, L.L.C. v. 12840–12976 Farmington Rd. Holdings, LLC*, 717 F. Supp.2d 724, 748 (E.D. Mich. 2010), *aff'd*, 399 F. App'x 97 (6th Cir. 2010). Plaintiffs are not parties to the transaction and are not beneficiaries of the trust.

Finally, Plaintiffs are not entitled to quiet title. In Ohio, quiet title claims are governed by Ohio Rev. Code § 5303.01. Section 5303.01 states: "[a]n action may be brought by a person in

(4:15CV1134)

possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such interest." Ohio courts, however, have consistently determined that when a borrower voluntarily signs a mortgage, that mortgage cannot be removed or extinguished through a quiet title action, even if the mortgage holder's later attempts to assign the mortgage are defective. *See, e.g.*, *Buckner v. Bank of New York*, No. CA2013-07-053, 2014 WL 645001, at *5 (Ohio App. 12th Dist. Feb. 18, 2014); *Bank of New York Mellon Trust Co. v. Unger*, No. 97315, 2012 WL 1567192, at *7 (Ohio App. 8th Dist. May 3, 2012). A mortgage is not an adverse interest nor a cloud on the title to the property. *Buckner*, 2014 WL 645001, at *3.

Furthermore, Plaintiffs have not satisfied the mortgage and are not entitled to relief from repayment of the loan. Although Plaintiffs made conclusory allegations suggesting that unidentified third parties paid off their debt through the loan securitization process, they provide no factual allegations showing that their debt has been forgiven, cancelled, or fully paid. Moreover, because Plaintiffs are not parties or even third-party beneficiaries to the transaction transferring their note and mortgage to the trust, there is no plausible assertion that any of those funds could have been credited to their indebtedness.

## IV. Conclusion

For the reasons stated above, Plaintiffs' Complaint (ECF No. 1) is dismissed. That dismissal shall be without prejudice. Plaintiffs may file a Motion to Reopen within thirty (30) days of the entry of the within Memorandum of Opinion and Order, and attach to that Motion a proposed Amended Complaint which is not based on speculative factual allegations and which is

(4:15CV1134)

based on a viable and recognized legal theory.  If Plaintiffs do not file a Motion to Reopen accompanied by a legally sufficient Amended Complaint within thirty days of the date of this Order, this action will be deemed to be dismissed with prejudice.

      IT IS SO ORDERED.

| | |
|---|---|
| December 31, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |